IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| EDWARD JOSEPH PAGE,<br><br>        Petitioner,<br><br>  vs.<br><br>EARL HOUSER, Superintendent, Goose Creek Correctional Center,[1]<br><br>        Respondent. | No. 3:20-cv-00169-JKS<br><br>MEMORANDUM DECISION |

Edward Joseph Page, a state prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2254. Page is in the custody of the Alaska Department of Corrections ("DOC") and incarcerated at Goose Creek Correctional Center. Respondent has answered, and Page has not replied.

---

[1] Earl Houser, Superintendent, Goose Creek Correctional Center, is substituted for the State of Alaska. FED. R. CIV. P. 25(c); Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts; *Stanley v. Cal. Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994).

-1-

# I. BACKGROUND/PRIOR PROCEEDINGS

On March 8, 1995, Page was convicted of burglary, robbery, two counts of first-degree sexual assault, and kidnapping in connection with an April 1991 offense. The Alaska Superior Court sentenced Page to an aggregate term of 99 years' imprisonment. Through counsel, Page appealed his conviction, arguing that the superior court erred in refusing to dismiss his indictment, in denying him discovery of certain of the victim's medical records, and in allowing a prosecution witness to give expert testimony beyond the scope of his expertise. Page also appealed his sentence on the ground that it was excessive. The Alaska Court of Appeal unanimously affirmed Page's convictions but reversed the sentence and remanded for resentencing in a reasoned, unpublished opinion issued on February 5, 1997. *Page v. State*, Nos. 3551, A-5754, 1997 WL 45119, at *13 (Alaska Ct. App. Feb. 5, 1997).

On remand, Judge Andrews of the Alaska Superior Court issued the following sentence in 1998:

| Count I | First-degree Burglary | 10 years |
| Count II | First-degree Robbery | 15 years |
| Count III | First-degree Sexual Assault | 25 years |
| Count IV | First-degree Sexual Assault | 25 years |
| Count VI | Kidnapping | 40 years |

The court orally ruled that:

> Counts I and II are concurrent with each other and consecutive to all other counts. Count III is consecutive to all other counts. Count IV runs ten years concurrent with Count III and fifteen years consecutive to Count III and all other counts. Count VI runs thirty years concurrent and ten years consecutive to all other counts.

The court calculated a composite sentence of sixty-five (65) years. Again proceeding through counsel, Page appealed his subsequent sentence on the ground that it was harsh and excessive. The Alaska Court of Appeal unanimously affirmed the sentence in a reasoned, unpublished opinion issued on April 7, 1999. *Page v. State*, No. A-5754, 1999 WL 189587, at *2 (Alaska Ct. App. Apr. 7, 1999).

On January 29, 2014, a different judge of the superior court, Judge Saxby, granted a motion to clarify Page's sentence for the purpose of calculating his parole eligibility date. Judge Saxby recognized the following ambiguities in Judge Andrews's order: Count III was "consecutive to all other counts" but Count IV and Count VI were also partially concurrent with "all other counts;" similarly, Counts I and II were "consecutive to all other counts" but Count VI was "thirty years concurrent to all other counts." Judge Saxby resolved these ambiguities by clarifying that Count III was partially concurrent with both Count IV and VI, and Counts I and II were partially concurrent to Count VI. Judge Saxby noted that these clarifications resulted in the same calculation of a 65-year composite sentence.

Page filed a motion for post-conviction relief on November 3, 2015, on the grounds that Judge Saxby's January 29, 2014, order was illegal and that DOC's accounting of his sentence was erroneous. Because Page believed that his correct maximum expiration date had already passed and he wanted his case resolved quickly, Page withdrew his request for counsel and proceeded on his *pro se* application. Respondent moved for summary judgment, arguing that Judge Saxby's order was proper because it resulted in a composite sentence equal to that in the initial re-sentencing order. On March 1, 2017, Judge Saxby dismissed Page's application after finding that Page presented no evidence that DOC calculated his sentence incorrectly or that he was being held in custody illegally.

Through counsel, Page appealed the dismissal of post-conviction relief. According to Page, the sentencing judge's order on remand was ambiguous because Page was sentenced to a contradictory combination of concurrent and consecutive terms for his convictions on five separate counts and, the ambiguity should be construed in Page's favor. Page requested that his sentence be recalculated to reflect that thirty years of his sentence on Count III runs concurrent to all other counts, which would result in a composite sentence of forty (40) years and a mandatory release date of September 23, 2020. Respondent opposed the appeal, arguing that any

-3-

ambiguities had been eliminated by Judge Saxby's clarification order, which was fully consistent with Judge Andrews's announced sentencing intent.

On February 5, 2020, the Alaska Court of Appeals unanimously affirmed the superior court's denial in a reasoned, unpublished decision. *Page v. State*, No. A-12825, 2020 WL 567228, at *4 (Alaska Ct. App. Feb. 5, 2020). The appellate court concluded that Page's sentencing arguments were waived because Page's counsel conceded in his motion to correct his sentence before the Superior Court that his composite sentence was 65 years. *Id.* at *2. The court alternatively determined that there was no ambiguity in the sentence; it explained that "the key to understanding [sentencing judge's] intention when she resentenced Page is to read each provision of her sentencing decision in the order that [she] wrote it, and to construe the provisions in light of [her] announced intention to impose a 65-year composite term of imprisonment." *Id.* at *3. Page petitioned for hearing in the Alaska Supreme Court, which that court denied without comment on May 18, 2020.

Page then timely filed a *pro se* Petition for a Writ of Habeas Corpus to this Court dated July 8, 2020. Docket No. 1 ("Petition"); *see* 28 U.S.C. § 2244(d)(1),(2). Respondent has answered the Petition, which is now ripe for adjudication.

## II. GROUNDS/CLAIMS

In his *pro se* Petition before this Court, Page argues that: 1) is sentence is illegal; 2) he exercised due diligence in litigating and advancing his claims; 3) the Superior Court erred by "clarifying" the ambiguities in his sentence against him; and 4) he did not waive his arguments for appeal.

## III. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an

-4-

unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). A state-court decision is contrary to federal law if the state court applies a rule that contradicts controlling Supreme Court authority or "if the state court confronts a set of facts that are materially indistinguishable from a decision" of the Supreme Court, but nevertheless arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 406 (2000). The term unreasonable is a common term in the legal world. The Supreme Court has cautioned, however, that the range of reasonable judgments may depend in part on the nature of the relevant rule argued to be clearly established federal law. *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.").

The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision." *Id.* at 412. The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts. *Early v. Packer*, 537 U.S. 3, 10 (2002). Where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'" *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (citation omitted).

To the extent that the Petition raises issues of the proper application of state law, they are beyond the purview of this Court in a federal habeas proceeding. *See Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011) (per curiam) (holding that it is of no federal concern whether state law was correctly applied). It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal law. *See, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (presuming that the state

-5-

court knew and correctly applied state law), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

In applying these standards on habeas review, this Court reviews the "last reasoned decision" by the state court. *See Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004) (citing *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002)). A summary denial is an adjudication on the merits and entitled to deference. *Harrington v. Richter*, 562 U.S. 86, 99 (2011). Under the AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

Page has not replied to Respondent's answer. The relevant statute provides that "[t]he allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true." 28 U.S.C. § 2248; *see also Carlson v. Landon*, 342 U.S. 524, 530 (1952). Where, as here, there is no traverse filed and no evidence offered to contradict the allegations of the return, the court must accept those allegations as true. *See Phillips v. Pitchess*, 451 F.2d 913, 919 (9th Cir. 1971).

## IV. DISCUSSION

Although Page's Petition purports to raise four separate claims, those individual claims collapse to a single claim that the Alaska Court of Appeals unreasonably determined that DOC did not err in calculating his sentence. According to Page, the Court of Appeals erred in determining that counsel conceded that the composite sentence was 65 years and in concluding that the sentence was not ambiguous.

As an initial matter, the Alaska Court of Appeals' rejection on procedural grounds of Page's sentencing error claim also renders the claim procedurally barred from federal habeas review here. Federal habeas relief is barred if a claim is procedurally defaulted; that is, if a state denied the claim because a petitioner failed to comply with that state's requirements for

-6-

Case 3:20-cv-00169-JKS   Document 16   Filed 12/17/20   Page 6 of 9

presenting claims. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). The U.S. Supreme Court has held, however, that the state's grounds for denying the claim "must be independent of the federal question and adequate to support the judgment." *Id.* at 729. A state procedural bar is "adequate" if it is "clear consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. U.S. Dist. Ct. (Bean)*, 96 F.3d 1126, 1129 (9th Cir. 1996) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)).

Here, the Court of Appeals concluded that Page waived his post-conviction relief application claim that his composite sentence is less than 65 years because, after he was re-sentenced following remand, counsel appealed the sentence only as harsh and excessive and did not argue that his composite sentence was less than 65 years. Likewise, in his litigation before Judge Saxby on his motion to correct his sentence, counsel conceded that Page's composite sentence was 65 years' imprisonment. Consequently, the Court of Appeal held that Page forfeited his claim that his composite sentence was less than 65 years, and the appellate court found it not preserved for appeal. *Page*, 2020 WL 567228, at *2.

The forfeiture of an issue, as a matter of state procedure, is an independent and adequate state law ground for blocking federal habeas corpus review. *See Stewart v. Smith*, 536 U.S. 856, 861 (2002). The Supreme Court has recognized as legitimate a ruling that failure to preserve an issue may be treated as forfeiture of that issue. *Wainwright v. Sykes,* 433 U.S. 72, 85-86 (1977). Page's forfeiture of this issue was wholly based on Alaskan state law precedent, and thus was a matter of state procedure. *See Page*, 2020 WL 567228, at *3 (citing *Tybus v. Holland*, 989 P.2d 1281, 1285 (Alaska 1999)).

Furthermore, Page is not entitled to relief on the merits of his claim in any event. Federal habeas relief is available only for violations of the federal Constitution, laws, and treaties. 28 U.S.C. § 2254(a); Estelle, 502 U.S. at 67-68 (federal habeas corpus relief does not lie for errors of state law). Matters relating to sentencing are generally governed by state law and do not raise a federal constitutional question. *Waddington v. Sarausad*, 555 U.S. 179, 192 n.5 (2009) ("[W]e

-7-

have repeatedly held that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions") (citation and internal quotation marks omitted); *cf. Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (claim regarding a state's application of aggravating circumstances was not cognizable because it concerned an error of state law). "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." *Christian v. Rhode*, 41 F. 3d 461, 469 (9th Cir. 1994). To state a cognizable federal habeas claim based on a claimed state sentencing error, a petitioner must show that the error was "so arbitrary or capricious as to constitute an independent due process" violation. *Richmond v. Lewis*, 506 U.S. 40, 50 (1992).

Here, the Alaska Court of Appeal rejected Page's argument that the Superior Court should have resolved the ambiguities in Judge Andrews's order in Page's favor under *Twogood v. State*, 196 P.3d 1109, 1114 (Alaska Ct. App. 2008), in which the Court of Appeal held that an ambiguity in the structure of a defendant's sentence must be resolved in the manner most favorable to the defendant. Page's contention in the instant Petition that the Court of Appeal's determination was contrary to *Twogood* presents only a state-law issue not cognizable on federal habeas review.

Further, Page has not made that a showing the purported error that occurred in his case is "so arbitrary or capricious as to constitute and independent due process violation." *Lewis*, 497 U.S. at 780. At most, Page has advanced what he believes to be an error of state law. He cannot convert this purely state law claim into a federal one simply by referencing the Federal due process clause. *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997); *Little v. Crawford*, 449 F.3d 1075, 1083 n.6 (9th Cir. 2006) ("We cannot treat a mere error of state law, if one occurred, as a denial of due process; otherwise, every erroneous decision by a state court on state law would come here as a federal constitutional question."). While Page may disagree with the Alaska Court of Appeals' interpretation and application of state law, such disagreement is not cognizable in federal habeas and this Court cannot provide him relief.

## V. CONCLUSION AND ORDER

Page is not entitled to federal habeas relief.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability. *See* 28 U.S.C. § 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*, 537 U.S. at 327)). Any further request for a Certificate of Appealability must be addressed to the Ninth Circuit Court of Appeals. *See* FED. R. APP. P. 22(b); 9TH CIR. R. 22-1.

The Clerk of the Court is to enter judgment accordingly.

Dated: December 17, 2020.

s/James K. Singleton, Jr.<br>
JAMES K. SINGLETON, JR.<br>
Senior United States District Judge

-9-

Case 3:20-cv-00169-JKS   Document 16   Filed 12/17/20   Page 9 of 9