IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| EDWARD JOSEPH PAGE,<br><br>                    Petitioner,<br><br>    vs.<br><br>EARL HOUSER, Superintendent, Goose Creek Correctional Center,<br><br>                    Respondent. | No. 3:20-cv-00169-JKS<br><br>ORDER<br>[Re: Motion at Docket No. 18] |

This Court denied Edward Joseph Page, a state prisoner proceeding *pro se*, habeas relief and a certificate of appealability on December 17, 2020. Docket Nos. 16, 17. Page now moves for a 60-day extension of time to file a notice of appeal, and renews his request for the appointment of counsel. Docket No. 18.

A notice of appeal from a judgment rendered under 28 U.S.C. § 2254 must be filed within 30 days after entry of the judgment. *See* FED. R. APP. P. 4(a)(1)(A). Because this Court entered final judgment on December 17, 2020, Page's notice of appeal was due on January 18, 2021. The record reflects that Page submitted his extension request on January 27, 2021.[1]

---

[1] This Court is obligated to give Page the benefit of the "mailbox rule" and assume that he "filed" his petition on the date he signed it and presumably turned it over to prison authorities for mailing to this Court. *See Anthony v. Cambra*, 236 F.3d 568, 574-75 (9th Cir. 2000) (citing *Houston v. Lack*, 487 U.S. 266, 275 (1988)).

-1-

Federal Rule of Civil Procedure 4(a)(5) provides that the Court may extend the time to file a notice of appeal when two conditions are met. First, the motion seeking an extension must be made no later than 30 days after the expiration of the time originally prescribed by Rule 4(a) (in this case, the request for an extension must be made within 60 days after the judgment was entered because the time originally prescribed by Rule 4(a) is 30 days). FED. R. APP. P. 4(a)(5)(A)(i). Second, the party seeking the extension must show "excusable neglect or good cause." FED. R. APP. P. 4(a)(5) (A)(ii). In any event, no extension under Rule 4(a)(5) may exceed 30 days after the expiration of the time originally prescribed by Rule 4(a), or 14 days after the date when the order granting the motion is entered, whichever is later. FED. R. APP. P. 4(a)(5)(C).

Where, as here, the court is presented with a timely motion to extend the time to file a notice of appeal, the court has "wide discretion as to whether to excuse" the delay in filing the notice of appeal. *Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir. 2004) (en banc). Page contends that he was unable to timely file his notice of appeal because he recently recovered from COVID-19 and still suffers from side effects. Docket No. 18 at 2.

The Court applies the "excusable neglect" standard "in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant." FED. R. APP. P. 4(a)(5)(A)(ii), advisory committee's note, 2002 amendment. The court weighs four factors to determine whether excusable neglect has been shown, including:

> (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith.

*Pincay*, at 855.

The Court finds that the factors to be considered when applying the excusable neglect standard weigh in favor of Page and will therefore grant the extension request. The Court also notes that the filing at Docket No. 18 appears to contain all the information required in a notice

of appeal. The notice must include "the party or parties taking the appeal by naming each one in the caption or body of the notice," "the judgment, order, or part thereof being appealed," and "the court to which the appeal is taken." FED. R. APP. P. 3(c)(1). Because the submission at Docket No. 18 contains that information, the Court will further construe Docket No. 18 as a timely-filed notice of appeal.

The Court notes, however, that any further relief, including the appointment of counsel and an application for a certificate of appealability, must be requested from the Ninth Circuit Court of Appeals. As this Court explained when denying Page's initial request for Court-appointed counsel, Docket No. 5, although this Court is not unmindful of the plight of unrepresented state prisoners in federal habeas proceedings, particularly given Page's dyslexia and current COVID-related health issues, there is no constitutional right to counsel in federal habeas proceedings. *See Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (citing *Coleman v. Thompson*, 501 U.S. 722, 756-57 (1991)). Importantly, now that Page has initiated his appeal of this Court's decision, the entire underlying record of his case, including the counseled briefs filed on his behalf in the state courts, will be transmitted to the Ninth Circuit for its review in determining whether to issue a certificate of appealability that would allow Page to continue his appeal. The Ninth Circuit may issue a certificate of appealability only if, after reviewing the record, it believes that Page has made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003), and that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further," *Miller-El*, 537 U.S. at 336 (citation and internal quotation marks omitted).

-3-

Case 3:20-cv-00169-JKS   Document 19   Filed 02/02/21   Page 3 of 4

**IT IS THEREFORE ORDERED THAT** the Motion at Docket No. 18 is **GRANTED IN PART AND DENIED IN PART**. The Request for an Extension of Time is **GRANTED**, and the filing at Docket No. 18 shall be construed as a timely-filed Notice of Appeal. The Request for the Appointment of Counsel is **DENIED**. As the Notice of Appeal divests this Court of jurisdiction over Page's case, any further requests for relief shall be directed to the Ninth Circuit Court of Appeals.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability as to this Order. *See* 28 U.S.C. § 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*, 537 U.S. at 327)). Any further request for a Certificate of Appealability must also be addressed to the Ninth Circuit Court of Appeals. *See* FED. R. APP. P. 22(b); 9TH CIR. R. 22-1.

Dated: February 2, 2021.

s/James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
Senior United States District Judge
