IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

EDWARD JOSEPH PAGE,

                              Petitioner,

        vs.

EARL HOUSER, Superintendent, Goose
Creek Correctional Center,

                              Respondent.

No. 3:20-cv-00169-JKS

ORDER
[Re: Motion at Docket No. 24]

This Court denied Edward Joseph Page, a state prisoner proceeding *pro se*, habeas relief and a certificate of appealability on December 17, 2020. Docket Nos. 16, 17. At Docket No. 18, Page moved for a 60-day extension of time to file a notice of appeal, and renewed his request for the appointment of counsel. The Court granted the extension request and construed Docket No. 18 as a timely-filed notice of appeal. Docket No. 19. The Court, however, denied the renewed request for the appointment of counsel. *Id.*

Page now moves for reconsideration of this Court's Order at Docket No. 16 denying him habeas relief and also again renews his request for the appointment of counsel. Docket No. 24. As a general rule, the filing of a notice of appeal transfers to the appellate court jurisdiction over the matters appealed, and the district court is divested of jurisdiction over those aspects of the case involved in the appeal. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam); *Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1998). Accordingly, a district

-1-

court is without jurisdiction to entertain a motion for reconsideration filed after a notice of appeal. *United States v. Vroman*, 997 F.2d 627, 627 (9th Cir. 1993) (per curiam). In this case, however, the Court, of its own accord, construed Page's request for an extension of time to file a notice of appeal as the notice of appeal itself. Although Page later-filed his motion for reconsideration, it is not clear that he intended to file a motion for reconsideration after a properly-filed notice of appeal.

In any event, even if Page's motion for reconsideration could be considered by this Court because of the unusual procedural posture noted above, Page would not be entitled to relief on it. Because it was filed later than 28 days of entry of judgment, Page's Reconsideration Motion is treated as a motion for relief from a judgment or order under Federal Rule of Civil Procedure 60(c). *See* FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."); FED. R. CIV. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time . . . ."). Rule 60(b) provides:

> GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Page has not made an adequate showing under any of the six basic grounds for reconsideration referenced above; rather, he simply repeats arguments raised in his Petition and Traverse, which this Court has already considered and rejected. Page requests that the Court appoint him counsel to brief the issue raised in *Martinez v. Ryan*, 566 U.S. 1 (2012), which recognized a "narrow exception" where an attorney's actions may constitute cause that would allow a federal court on habeas review to consider a petitioner's federal constitutional claim that

-2-

was denied on procedural grounds in the state court. But while the Court ruled that Page's sentencing error claim was procedurally defaulted, it continued to consider and deny the claim on the merits as well. Page has failed to provide any basis upon which this Court could reconsider its decision denying the claim on the merits. Page's avenue for requested relief is properly before the Ninth Circuit Court of Appeals through his pending appeal.

Moreover, any further relief, including the appointment of counsel and an application for a certificate of appealability, must be requested from the Ninth Circuit Court of Appeals. As this Court explained when denying Page's initial request for Court-appointed counsel, Docket No. 5, although this Court is not unmindful of the plight of unrepresented state prisoners in federal habeas proceedings, particularly given Page's dyslexia and current COVID-related health issues, there is no constitutional right to counsel in federal habeas proceedings. *See Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (citing *Coleman v. Thompson*, 501 U.S. 722, 756-57 (1991)). Importantly, now that Page has initiated his appeal of this Court's decision, the entire underlying record of his case, including the counseled briefs filed on his behalf in the state courts, will be transmitted to the Ninth Circuit for its review in determining whether to issue a certificate of appealability that would allow Page to continue his appeal. The Ninth Circuit may issue a certificate of appealability only if, after reviewing the record, it believes that Page has made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003), and that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further," *Miller-El*, 537 U.S. at 336 (citation and internal quotation marks omitted).

**IT IS THEREFORE ORDERED THAT** the Motion for Reconsideration at Docket No. 24 is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability as to this Order. *See* 28 U.S.C. § 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705

(2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*, 537 U.S. at 327)).  Any further request for a Certificate of Appealability must also be addressed to the Ninth Circuit Court of Appeals.  *See* FED. R. APP. P. 22(b); 9TH CIR. R. 22-1.

   Dated: April 5, 2021.

<div style="margin-left:50%">

s/James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
Senior United States District Judge

</div>